## Case No. 5,786.

### In re GREEN POND R. CO.

### [13 N. B. R. (1876) 118.] [1]

### District Court, D. New Jersey.

BANKRUPTCY — PRIOR APPOINTMENT OF RECEIVER BY A STATE COURT—CONFLICT OF JURISDICTION.

1. The fact that a state court had, prior to the filing of the petition, acquired jurisdiction over a corporation in a suit commenced therein for the purpose of distributing its estate as an insolvent corporation, and a receiver appointed therein, is no ground for dismissing a petition for an adjudication of bankruptcy filed against it.

[Cited in Re Broich, Case No. 1,921; Re Gorham, Id. 5,624.]

2. Secured creditors are not to be reckoned in computing the number of creditors who must join in an involuntary petition.

[Cited in Re Scrafford, Case No. 12,557.]

[Petition by certain creditors of the Green Pond Railroad Company to have it adjudged a bankrupt.]

Henderson & Fennell, for creditors.
B. Williamson, for bankrupt.

NIXON, District Judge. This is a petition filed by certain creditors of the Green Pond Railroad Company, praying that the said

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[1] [Reprinted by permission.]

corporation may be adjudged a bankrupt. The court is asked to dismiss the petition on two grounds: First. Because the court of chancery of New Jersey, prior to the filing of the said petition, had acquired jurisdiction over the debtor in a suit commenced therein, for the purpose of distributing its estate as an insolvent corporation, in which suit a receiver had been appointed, who is now in the possession of the said estate. Second. Because the petitioning creditors do not constitute one-fourth of the creditors of the alleged bankrupt, and the aggregate of their debts do not amount to one-third of all the debts provable under the bankrupt act [of 1867 (14 Stat. 517)].

The counsel for the bankrupt undertakes to sustain the first ground by invoking the long-established principle or rule, that where two courts, having concurrent jurisdiction, entertain separate suits, which involve the custody or sale of property, whether by execution, attachment, or receivership, that court which first obtains actual possession of the property is entitled to administer it, and will not yield its authority to the other tribunal, nor will the other tribunal attempt to interfere. All this is conceded, but it is suggested that the principle is not applicable to the case before me. It is shown that a bill was filed in the court of chancery of New Jersey on the 13th of February, 1875, by certain creditors, against the alleged bankrupt, as an insolvent corporation, praying for the appointment of a receiver, and for a writ of injunction; that such steps were taken therein, that a receiver was appointed February 22d, and a writ of injunction issued February 23d, 1875, and that when the petition in bankruptcy was filed in this court, the receiver, under the state law, had an absolute control over all the property of the debtor. This proceeding in the state court was under the act entitled "An act to prevent frauds by incorporated companies" (Nix. Dig. 402), which was passed as early as the 16th of February, 1829, and which has always been held to partake of the character of a bankrupt law. A cursory examination of its provisions shows, that it embodies all the elements of a bankruptcy act, insolvency, surrender of property—its administration by receivers or trustees—and the distribution of the assets among creditors. President, etc., of State Bank v. Receivers of Bank of New Brunswick, 3 N. J. Eq. 266; Receivers, etc., of People's Bank v. Paterson Gas Light Co., 23 N. J. Law, 283; Receivers, etc., of People's Bank v. Paterson Savings Bank, 10 N. J. Eq. 13.

"The act to prevent frauds by incorporated companies," says Chief Justice Green in the case of Receivers, etc., of People's Bank v. Paterson Gas Light Co., supra, "so far as it relates to the estate of an insolvent corporation is, in all its essential elements, a bankrupt law. It leaves the creditor, indeed, the naked remedy of proceeding to judgment against a corporation, stripped at once of its property and the right of exercising its franchises; and thus avoids the constitutional objection, of interfering with the obligation of contracts. But, like a bankrupt law, it vests the whole property of the corporation, by operation of law, in the hands of assignees, to be distributed among the creditors upon principles of justice and equity." Although the national constitution vests in congress the authority to establish uniform laws on the subject of bankruptcies throughout the United States, it is conceded that the several states may legislate in regard to bankruptcy and insolvency, as long as congress fails to exercise its power. But when congress does act in the matter, the expression of its will is the supreme law of the land, and everything in the legislation of the states inconsistent with it must yield to its superior authority. The bankrupt act of 1867 makes provisions for winding up the affairs of insolvent corporations, different in many respects from the state law now under consideration. Indeed, its plain object and intent are to place their administration under the exclusive jurisdiction of the federal courts of bankruptcy, and hence it has been held, that the appointment of a receiver under the state laws, by a state court, to take possession of the assets of an individual or a corporation, to be applied to the payment of the debts, is, itself, an act of bankruptcy within the meaning of the eighth clause of the 39th section of the act, and subjects the individual or corporation, permitting or suffering such appointment, to an adjudication of bankruptcy. Such a proceeding is analogous in its character and effects, to an assignment under the insolvent laws of a state, which is always treated as an act of bankruptcy. The case then, being one of bankruptcy, over which the jurisdiction of the federal courts is exclusive as long as the bankruptcy act remains in force, no question respecting the concurrent jurisdiction of the state and federal courts can arise. In re Merchants' Ins. Co. [Case No. 9,441].

The second ground for dismissal is also untenable. The amendment of June 22, 1874 [18 Stat. 178], to the 39th section of the bankrupt act, requires that the creditors joining in the petition, shall constitute one-fourth thereof at least in number, and the aggregate of whose debts provable under the act shall amount to at least one-third of the debts so provable.

The answer of the defendant clearly shows that the debts of the alleged bankrupt due to the petitioning creditors largely exceed in amount the one-third of the unsecured claims against the company, and that more than one-fourth of the creditors have joined in the petition. It has been held in Re Frost [Case No. 5,134], and I think properly, that congress, in using the expression "debts provable under this act," meant to include only the unsecured creditors. The secured

creditors, in truth, have no interest in the proceedings, and hence should not be allowed to control the action of those who have an interest. As the answer admits the third act of bankruptcy alleged in the petition, and the insolvency of the debtor, an adjudication must be ordered. In re Independent Ins. Co. [Cases Nos. 7,017, 7,018].